IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM JACKSON, | § | |
| | § | CAUSE NO. 4:18-cv-746 |
| *Plaintiff*, | § | |
| vs. | § | JURY |
| | § | |
| PROSPERITY BANCSHARES INC., | § | |
| and EDDIE LICK *in his individual* | § | |
| *capacity* | § | |
| | § | |
| *Defendants* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

NOW COMES PLAINTIFF, William Jackson, and complains of Defendants, Prosperity Bancshares Inc. ("Prosperity") and Eddie Lick in his individual capacity, and would respectfully show the Court as follows:

**I.
INTRODUCTION**

1. This is an action for violation of the Family Medical Leave Act (FMLA), the Americans with Disabilites Act as amended (ADAAA), and the Texas Commission on Human Rights Act (TCHRA).

2. All conditions precedent to filing this cause of action have been met.

3. This action seeks equitable relief, actual damages, compensatory damages, liquidated damages, attorney's fees, taxable costs of court, and post-judgment interest for Defendants' willful violation of the FMLA, ADAAA and TCHRA.

4. Mr. Jackson demands a jury trial on all issues that may be tried to a jury.

## II.
## VENUE AND JURISDICTION

5. The Court has federal question jurisdiction over the lawsuit because some or all of the underlying action(s) involve a federal question.

6. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391.

## III.
## PARTIES

7. **Plaintiff, Wiliam Jackson** is a former employee of Defendants and a resident of Gun Barrel City, Henderson County, Texas.

8. **Defendant, Prosperity Banchares Inc.** is a Houston, Texas based regional financial holding company, with 243 full-service banking locations and may be served with process by serving Charlotte M. Rasche, 80 Sugar Creek Center Blvd, Sugarland, TX 77478, or at any other address where she may be found.

9. **Defendant, Eddie Lick** is an employee of Prosperity Bancshares Inc. and was Mr. Jackson's immediate supervisor. Mr. Lick may be served with process at his place of employment, 101 North Prairieville Street, Athens Tx 75751, or at any other address where he may be found.

## IV.
## FACTUAL BACKGROUND

10. Mr. Jackson began working for Prosperity Bank in March 1998.

11. Mr. Jackson suffers from a disability (severe depression, drug and alcohol addiction).

12. On or about Saturday morning, March 19, 2016, Mr. Jackson was admitted to the local emergency room at East Texas Medical Center (ETMC) hospital in Gun Barrel City, Texas for treatment related to his depression and addictions.

13. Later that evening, Mr. Jackson was transferred from the emergency room in Gun Barrel City to the ETMC in Athens, Texas, where he was placed on suicide watch.

14. The following day, on or about March 20, 2016, after he was transferred to the ETMC in Athens, Mr. Jackson notified his immediate supervisor, Eddie Lick, that he was checking into a co-dependency treatment center, and would be out of the office for an extended period of time.

15. On or about March 20, 2016, Mr. Jackson was released from ETMC Athens to his brother's care, who took Mr. Jackson to Sundance Behavioral Hospital in Arlington, Texas.

16. From around March 20, 2016 to March 31, 2016, Mr. Jackson went through treatment at Sundance Behavioral Hospital.

17. After the end of his hospitalization at Sundance Behavioral Hospital, four (4) days were needed to arrange for his admission to Grapevine Valley Hope, an inpatient rehabilitation center.

18. On or about April 4, 2016, Mr. Jackson began intensive inpatient care treatment at Grapevine Valley Hope for his depression, alcohol and drug addictions.

19. While at Grapevine Valley Hope, Mr. Jackson communicated on numerous occasions with the Gun Barrel City banking center lobby manager, Cynthia King, about his treatment, and requested to take leave under the FMLA.

20. Mr. Jackson also made numerous attempts to contact his supervisor, Eddie Lick, but Mr. Lick would not return his calls.

21. After requesting FMLA paperwork on more than one occasion, Mr. Jackson eventually received the FMLA paperwork from Ms. King, and provided it to his healthcare provider to complete and return via fax to the number provided.

22.     On or around April 25, 2016, although Defendants were notified and aware of Mr. Jackson's disability and on-going need for treatment, Defendant Eddie Lick called Mr. Jackson and notified him that his employment was being terminated for "job abandonment."

23.     Mr. Jackson continued his impatient care at Grapevine Valley Hope until April 28, 2016.

## V.
## FIRST CLAIM FOR RELIEF
### (Interference with Right Under the FMLA)

24.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

25.     Prosperity is an employer and Mr. Jackson was an employee as those terms are defined by the FMLA.

26.     Mr. Lick, in his individual capacty as Area President – East Texas, and Mr. Jackson's immediate supervisior, is an employer and Mr. Jackson was an employee as those terms are defined by the FMLA.

27.     The FMLA prohibits an employer from interfering with the exercise of FMLA rights.

28.     Mr. Jackson was an eligible employee and protected under the FMLA.

29.     Defendants interfered with Mr. Jackson right to FMLA leave by terminating his employment while he was on leave protected by the FMLA.

30.     By their conduct, Defendants knowingly and willfully interferred with Mr. Jackson's lawful entitlement to leave under the FMLA.

## VI.
## SECOND CLAIM FOR RELIEF
### (Unlawful Retaliation)

31. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

32. Prosperity is an employer and Mr. Jackson was an employee as those terms are defined by the FMLA.

33. Mr. Lick, in his individual capacity as Area President – East Texas, and Mr. Jackson's immediate supervisior, is an employer and Mr. Jackson was an employee as those terms are defined by the FMLA.

34. The FMLA prohibits an employer from retaliating against an employee for exercising his or her rights under the FMLA.

35. Mr. Jackson was an eligible employee and protected under the FMLA.

36. Mr. Jackson suffered an adverse employmnent action in that he was terminated because he exercised his rights under the FMLA.

37. By their conduct, Defendants knowingly and willfully retaliated against Mr. Jackson for participating in a protected activity under the FMLA.

## VII.
## THIRD CLAIM FOR RELIEF
### (Discrimination and Failure to Accommodate)

38. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

39. Prosperity is an employer and Mr. Jackson was an employee as those terms are defined by the Americans with Disability Act as amendd, and the Texas Commission on Human Rights Act.

40.  Mr. Jackson is a qualified individual with a disability.

41.  Mr. Jackson was subjected to an adverse employment action because of his disablity when he was terminated.

42.  Defendants failed to accommodate Mr. Jackson's disability by refusing his request for leave, even though he had more than enough personal and/or vacation leave available.

43.  Assuming that providing Mr. Jackson with the requested leave was not a reasonable accommodation, Defendants failed to particpate in the interactive process to detemrine if an alternative reasonable accommodation existed.

44.  By their conduct, Prosperity knowingly and willfully discriminated against Mr. Jackson on the basis of his disability.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff William Jackson respectfully requests that upon final hearing, the Court grant him relief as follows:

1. Actual damages; Compensatory damages; Liquidated damages;
2. Reinstatement
3. Costs of court;
4. Pre- and post-judgment interest at the maximum rate allowed by law;
5. Reasonable and necessary attorneys' fees; and such other and further relief, both general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ *David J Manley*

**David J. Manley**
State Bar No. 24001593
Federal ID. 24301
15201 Mason Rd., Suite 1000-211
Cypress, Texas 77433
Telephone No.: (281) 687-6889
Facsimile No.: (713) 481-6367

**Attorney for Plaintiff William Jackson**